Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile:  (310) 417-3538

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRENCH WEST, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>CHICO'S FAS, INC.; *et al.*,<br><br>Defendants. | Case No.: CV13-8149 CAS (RZx)<br><u>Referred to Honorable Ralph Zarefsky</u><br><br>***[DISCOVERY MOTION]***<br><br>**PLAINTIFF FRENCH WEST, INC.'S SUPPLEMENTAL MEMORANDUM RE JOINT STIPULATION RE MOTION TO COMPEL SUPPLEMENTAL DISCOVERY RESPONSES FROM CHICO'S FAS, INC. AND FOR SANCTIONS; DECLARATION OF TREVOR W. BARRETT**<br><br>Hearing Date: August 18, 2014<br>Time: 10:00 a.m.<br>Courtroom: 540<br><br>Discovery Cutoff: September 19, 2014<br>Pretrial Conference: February 9, 2015<br>Trial Date: February 24, 2015 |

## I. INTRODUCTION

There has been virtually no effort on the part of Defendant CHICO'S FAS, INC. ("Chico's")' to meaningfully supplement its discovery responses or document production subsequent to the parties meeting and conferring regarding the filing of the parties' Joint Stipulation Re Motion To Compel Supplemental Discovery Responses (the "Motion to Compel," Dkt. No. 20). As such, all matters provided in the Motion to Compel remain ripe for decision by this Court.

After the parties filed the Motion to Compel, and nearly five months after Chico's was served with Plaintiff's discovery requests, Plaintiff's counsel received a disc served via U.S. Mail, containing Chico's first document production in this action. Declaration of Trevor W. Barrett ("Barrett Decl."), ¶ 2. However, this production is woefully deficient in light of Plaintiff's reasonable and clearly-stated document requests. Id. at ¶ 3. Indeed, it appears to have been served for *no reason* other than to be able to tell this Court that it has now provided documents to French West.

Of the 209 pages of documents produced by Chico's, approximately 90 pages are made up of images of various designs with no indication of the source or import or ultimate disposition of such designs.[1] Id. Additionally, over 50 pages of the document production provide images of Chico's public advertisements of garments from circa 2013,[2] while 23 pages simply provide public documents obtained from the U.S. Copyright Office regarding the registration at issue in this litigation. Id. Nearly the entire remainder of the document production provides images and documents that Plaintiff already provided to Chico's on prior occasions.[3] Id.

Chico's failed to provide any documents regarding the ownership, independent

---

[1] And none of the documents produced by Chico's give any indication of which Document Request the documents are responsive to. Barrett Decl. ¶ 2.
[2] At best, this is a production partially responsive to Plaintiff's Document Request No. 20.
[3] This includes the cease and desist letter sent to Chico's prior to the filing of this lawsuit. This may be a partial response to Plaintiff's Document Request No. 38.

-1-
JOINT STIPULATION RE MOTION TO COMPEL SUPPLEMENTAL DISCOVERY RESPONSES
FROM CHICO'S FAS, INC. AND FOR SANCTIONS

creation, obtainment, purchase, sale, or other distribution of the allegedly infringing designs and products at issue in this action. Id. at ¶ 4. Indeed, Chico's neglected to provide any purchase orders, invoices, sales receipts, sales summaries, financial records, shipping records, import documents, or any other document pertaining to the obtainment and dissemination of Chico's allegedly infringing products and designs, as specifically and repeatedly requested by Plaintiff. Id. Chico's also did not provide any communications, correspondences, agreements, or licenses regarding such designs or products. Id. As detailed in the Motion to Compel, all of these documents are essential to establish the scope of the infringement, and the revenues derived from the infringing sales, a fundamental element of a damages calculation. *See* 17 U.S.C. §504 (remedies for infringement include disgorgement of profits from infringement).

It is apparent from Chico's document production that, despite Plaintiff providing controlling authority requiring Chico's to provide substantive responses, and offering to hold the material confidential, Chico's is refusing to produce any documents based on its unilateral and unfounded position that they are "confidential." Given this Court's prior repeated rejections of Chico's' proposed protective orders, the lack of good cause set forth in Chico's motion for a protective order, the impending September discovery cut-off, and Chico's refusal to cooperate in discovery under the Court's direction to proceed without a protective order, Chico's must be compelled to produce all documents responsive to all of Plaintiff's Document Requests outlined in the Motion to Compel immediately.

Although a largely non-responsive document production was made, Chico's *never* provided the majority of the doucments sought, or *any* supplemental responses to Plaintiff's Interrogatories or Requests for Production. Id. at ¶ 5. Thus, meaningful supplemental responses must be compelled in accordance with Plaintiff's requests in the Motion to Compel as well.

## II. CONCLUSION

As requested in the Motion to Compel, this Court should issue an order:

a. Compelling Chico's to fully answer French West's interrogatories and requests for production; produce all responsive documents; and all without objections and within seven (7) days of this Court's order;

b. Ordering Chico's to tender to French West the costs and fees incurred in bringing this motion, pursuant to Local Rules 37-4 and FRCP §37, in the amount of $5,131.50, as set forth in the Declaration of Scott A. Burroughs, Esq. and the Declaration of Trevor W. Barrett, attached to the filed Motion to Compel; or

c. Ordering the parties to file supplemental briefs, after Chico's supplements its discovery responses, addressing the proprietary of Chico's withholding of documents based on confidentiality, and refusal to produce documents until a protective order is issued, after which a ruling will issue on sanctions; and

d. Setting such other relief as this Court deems just and proper in accordance with the Federal Rules of Civil Procedure and equity.

Respectfully submitted,

DONIGER / BURROUGHS

Dated: August 4, 2014       By:    /s/ Scott A. Burroughs
                                   Scott A. Burroughs, Esq.
                                   Trevor W. Barrett, Esq.
                                   Attorneys for Plaintiff

-3-

JOINT STIPULATION RE MOTION TO COMPEL SUPPLEMENTAL DISCOVERY RESPONSES
FROM CHICO'S FAS, INC. AND FOR SANCTIONS

# DECLARATION OF TREVOR W. BARRETT, ESQ.

I, Trevor W. Barrett, Esq., am above eighteen years of age and an attorney at Doniger/ Burroughs APC, counsel for Plaintiff French West, Inc. I have personal knowledge of the matters set forth herein, and if called as a witness, could and would competently testify hereto.

1. I met and conferred with Chico's Fas, Inc. ("Chico's)' counsel, Mark D. Kachner and Karen V. Weil, on April 23, 2014, prior to the filing of of the parties' Joint Stipulation Re Motion To Compel Supplemental Discovery Responses (the "Motion to Compel," Dkt. No. 20). I also personally reviewed all of Chico's discovery responses and communications in this case.

2. After the parties filed the Motion to Compel, and nearly five months after Chico's was served with Plaintiff's discovery requests, Plaintiff's counsel received a disc served via U.S. Mail, containing Chico's first document production in this action.

3. However, Chico's document production is woefully deficient in light of Plaintiff's reasonable and clearly-stated document requests. And none of the documents produced by Chico's give any indication of which Document Request the documents are responsive to. Of the 209 pages of documents produced by Chico's, approximately 90 pages are made up of images of various designs with no indication of the source or ultimate disposition of such designs. Additionally, over 50 pages of the document production provide images of Chico's advertisements of garments from circa 2013, while 23 pages simply provide public documents obtained from the U.S. Copyright Office regarding the registration at issue in this litigation. Nearly the entire remainder of the document production provides images and documents that Plaintiff already provided to Chico's on prior occasions.

4. In its document production, Chico's failed to provide any documents regarding the ownership, independent creation, obtainment, purchase, sale, or other distribution of the allegedly infringing design(s) and product(s) at issue in this action.

Indeed, Chico's neglected to provide any purchase orders, invoices, sales receipts, sales summaries, financial records, shipping records, or any other document pertaining to the obtainment and dissemination of Chico's allegedly infringing products and designs, as specifically and repeatedly requested by Plaintiff. Chico's also did not provide any communications, correspondences, agreements, or licenses regarding such designs or products.

5.  Additionally, although a largely non-responsive document production was made, Chico's *never* provided any supplemental responses to Plaintiff's Interrogatories or Requests for Production, despite repeatedly stating it would do so.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 4, 2014 at Culver City, California.

> By: /s/ Trevor W. Barrett
> Trevor W. Barrett, Esq.
> Declarant